UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EMIL LUDWIG BRUCKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TAX ASSESSOR COLLECTORS: | § | SA-11-CV-0081 FB (NN) |
| DIANE BOLIN, a/k/a DIANE BOLIN, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**SHOW CAUSE ORDER**

This order directs plaintiffs Emil Ludwig Brucker to show cause why this case should not be dismissed.

Brucker filed this case on January 26, 2011. He challenges proceedings involving the foreclosure sale of his ranch — 62271 IH 10 Frontage Road, Mountain Home, Texas 78058 — and a forcible detainer action pending in Justice of the Peace Court, Precinct 4, Kerr County, Texas. Brucker named 84 defendants plus others. To the extent Brucker named his wife, Brenda Lee, as a plaintiff, Brenda Lee did not sign the complaint and thus is not a party in this case. To the extent Brucker seeks relief on his own behalf, Brucker has failed to state a claim upon which relief may be granted because he asks a federal court to interfere with a pending state-court proceeding.

**The *Younger* abstention doctrine prohibits a federal court from interfering with a pending state-court proceeding.**[1] "*Younger* abstention is generally deemed appropriate where

---

[1] *Younger v. Harris*, 401 U.S. 37, 43 (1971).

assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character."[2]  The doctrine applies if: (1) the dispute involves an ongoing state judicial proceeding, (2) the dispute implicates an important state interest, and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges.[3]  If these factors are met, a federal court may only enjoin a pending state-court proceeding in certain narrowly delimited exceptions.  Abstention appears to be appropriate here.

**Brucker's claims involve an ongoing state judicial proceeding**.  Throughout the complaint, Brucker referred to a forcible detainer action seeking possession of Brucker's ranch.  Brucker attached the original petition in the forcible detainer action to his motion for temporary restraining order.  The petition names Brucker as the defendant-occupant of the property at 62271 IH 10 Frontage Road, Mountain Home, Texas 78058.  The petition was filed in Justice of the Peace Court, Precinct 4, Kerr County, Texas, under in Case No. 112339.  In the petition, Federal Home Loan Mortgage Corporation stated that it acquired the property as a result of the foreclosure of a lien.  Federal Home Loan Mortgage Corporation referred to the foreclosure sale of the property and stated that Brucker continues to reside at the property despite notice to vacate.  The case is set for jury trial on February 25, 2011.  These facts show that this case involves a pending state-court proceeding because the forcible detainer action has not been adjudicated.

**Brucker's claims implicate an important state interest**.  Under Texas law, "[a] justice

---

[2]*Word of Faith World Outreach Center Church v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993).

[3]*Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

court in the precinct in which the real property is located has jurisdiction in eviction suits."[4]  A forcible detainer action is an eviction suit.  The jurisdiction of the justice of the peace court is an important state interest, as evidenced by the statutory authority conferred to that court by the Texas Property Code and the Texas Constitution.[5]  This lawsuit implicates that important state interest because Brucker asked the federal court to interfere with the jurisdiction of the Justice of the Peace Court No. 4, Kerr County.

**A state-court proceeding affords an adequate opportunity to raise constitutional challenges**.  The only issue in a forcible detainer action in justice of the peace court is the right to actual possession of the disputed property;[6] however, a "displaced party is entitled to bring a separate suit in the district court to determine the question of title."[7]  "Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court."[8]  "[N]ot only can the right to immediate possession [in justice of the peace court] be determined separately from the right to title [in district court] in most cases, but the Texas Legislature purposely established just such a system."[9]  In a case involving a foreclosure sale under a deed of

---

[4] Tex. Prop. Code Ann. § 24.004 (West 2000).

[5] *See* Tex. Const. Art. 5, § 19 ("Justice of the peace courts shall have . . . exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less, and such other jurisdiction as may be provided by law.").

[6] Tex. R. Civ. P. 746.  To the extent a defendant-occupant seeks to challenge an adverse judgment about the right to possession, the defendant-occupant may appeal the adverse judgment to the state county court.  Tex. R. Civ. P. 749.  The case is tried de novo.

[7] *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

[8] *Id*.

[9] *Id*. at 710.

trust, the Supreme Court of Texas has explained the following:

> If [displaced persons] desire to attack the sale made under the deed of trust as being invalid, they may bring such suit in the district court for that purpose; but, in a suit for forcible detainer, such action is not permissible.  The Legislature has expressly provided by forcible entry and detainer proceedings a summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises, without resorting to an action upon the title. This action allowed by law is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state.[10]

This explanation shows state court affords an adequate remedy for any constitutional challenge Brucker may have, because: (1) Federal Home Loan Mortgage Corporation maintains it obtained title to Brucker's ranch by virtue of a substitute trustee's deed of trust and foreclosure on the lien created by the deed of trust, and (2) the explanation indicates a displaced person may bring suit under that circumstance.

Brucker likely knows his remedy lies in state-court because he filed a petition in the 216th Judicial District, Kerr County, Texas,[11] suing many of the defendants in this case — 55 of 84 defendants named in this case.[12]  The petition in the state-court case is very similar to the complaint filed in this case.  Like the complaint in this case, the petition complains about fictitious property taxes and fraudulent and forged mortgage assignments.  Like this case, the case filed in the 216th Judicial District refers to the forcible detainer action pending in the justice of the peace court.  Each pleading relies on various maxims of law from sources such as

---

[10] *Scott v. Hewitt*, 127 Tex. 31, 35 (Tex. 1936).

[11] Brucker filed the state-court petition on February 4, 2011; he filed this case on January 26, 2011.

[12] Comparing the complaint in this case with the petition in the state-court case, it appears Brucker omitted the names of defendants identified with law enforcement in the state-court case.

*Bouvier's Law Dictionary and Concise Encyclopedia*.  To date, the 216th Judicial District Court has taken no action in Brucker's case.  Thus, there is a second pending state-court proceeding implicated by this case.  To the extent Brucker has a constitutional challenge, Brucker may raise that challenge in his case in the 216th Judicial District Court.

Based on the foregoing discussion, it appears that the *Younger* doctrine applies to Brucker's federal case and that this court should abstain from exercising jurisdiction.  In the interests of justice, Brucker is ORDERED to show cause in writing no later than **February 21, 2011**, why this case should not be dismissed for failing to state a claim upon which relief may be granted and for being barred by the *Younger* abstention doctrine.  In responding to this order, Brucker shall limit his response to 10 pages.  If Brucker asserts a basis for jurisdiction, the response must include a concise statement of reasons why jurisdiction exists and cite to specific legal authorities supporting a basis for jurisdiction.  Brucker's legal authorities must include specific federal or state statutory provisions, or federal case law.  The court will disregard references to other authorities, to include legal maxims, unsupported by specific federal or state statutory provisions or federal case law.  If Brucker fails to respond as ordered, I will recommend dismissing this case for failure to comply with a court order, failure to prosecute, and/or failure to state claim upon which relief may be granted.

**SIGNED** on February 9, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE