UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EMIL LUDWIG BRUCKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TAX ASSESSOR COLLECTORS: | § | SA-11-CV-0081 FB (NN) |
| DIANE BOLIN, a/k/a DIANE BOLIN, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION

TO:   Honorable Fred Biery
      Chief United States District Judge

  This report and recommendation addresses plaintiff Emil Ludwig Brucker's complaint. I have jurisdiction to enter this report pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 1(d) of the Local Rules for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas, and the district judge's order of referral.[1]

  **Brucker filed this case to challenge proceedings involving the foreclosure sale of his ranch — 62271 IH 10 Frontage Road, Mountain Home, Texas 78058 — and a forcible detainer action in Justice of the Peace Court, Precinct 4, Kerr County, Texas**. Brucker named 84 defendants plus others. To the extent Brucker named his wife, Brenda Lee, as a plaintiff, Brenda Lee did not sign the complaint and thus is not a party in this case.

  Brucker also applied for a temporary restraining order (TRO) to enjoin the state court

---

[1]Docket entry # 6.

from proceeding with the forcible detainer action.[2]  The district court denied the application[3] and referred the case to me.  Brucker again applied for a TRO.[4]  The district judge denied the application.[5]  I issued a show-cause order directing Brucker to show cause why this case should not be dismissed for failing to state a claim upon which relief may be granted and for being barred by the *Younger* abstention doctrine.[6]  Brucker responded on March 1, 2011.  Brucker's response does not address the matters identified in the show-cause order.

In the meantime, various defendants answered and moved to dismiss on grounds discussed in the show-cause order.[7]  Brucker has not responded to the motions, stating that he has not received the motions.  Those motions have been served on Brucker by defendants by certified mail.  Brucker has been provided with copies of the motions by the clerk's office.  After reviewing Brucker's response to the show-cause order, I recommend dismissing this case for failing to state a claim upon which relief may be granted and as barred by the *Younger* abstention doctrine.

**The *Younger* abstention doctrine prohibits a federal court from interfering with a pending state-court proceeding.**[8]  "*Younger* abstention is generally deemed appropriate where

---

[2]Docket entry # 2.

[3]Docket entry # 4.

[4]Docket entry # 7.

[5]Docket entry # 8.

[6]Docket entry # 9.

[7]Docket entry #s 10, 11, 14, 16, 19 & 20.

[8]*Younger v. Harris*, 401 U.S. 37, 43 (1971).

assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character."[9] The doctrine applies if: (1) the dispute involves an ongoing state judicial proceeding, (2) the dispute implicates an important state interest, and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges.[10] If these factors are met, a federal court may only enjoin a pending state-court proceeding in certain narrowly delimited exceptions. After reviewing Brucker's submission in light of applicable law, I recommend that abstention is appropriate here.

**Brucker's claims involve an ongoing state judicial proceeding**. Throughout the complaint, Brucker referred to a forcible detainer action seeking possession of Brucker's ranch. Brucker attached the original petition in the forcible detainer action to his motion for temporary restraining order. The petition named Brucker as the defendant-occupant of the property at 62271 IH 10 Frontage Road, Mountain Home, Texas 78058. The petition was filed in Justice of the Peace Court, Precinct No. 4, Kerr County, Texas, under in Case No. 112339. In the petition, Federal Home Loan Mortgage Corporation stated that it acquired the property as a result of the foreclosure of a lien. Federal Home Loan Mortgage Corporation referred to the foreclosure sale of the property and stated that Brucker continues to reside at the property despite notice to vacate.

The forcible detainer action was tried on February 25, 2011. Brucker represented in his response to the show-cause order that the justice of the peace court ruled against him.[11] Brucker

---

[9]*Word of Faith World Outreach Center Church v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993).

[10]*Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

[11]Docket entry # 18.

also indicated he sought a new trial. Publicly-available information reflects that the justice of the peace court has not yet entered a final judgment. These facts show that this case involves an unresolved state-court proceeding because a final judgment has not been entered and because a motion for new trial is pending.

**Brucker's claims implicate an important state interest**. Under Texas law, "[a] justice court in the precinct in which the real property is located has jurisdiction in eviction suits."[12] A forcible detainer action is an eviction suit. The jurisdiction of the justice of the peace court is an important state interest, as evidenced by the statutory authority conferred to that court by the Texas Property Code and the Texas Constitution.[13] This lawsuit implicates that important state interest because Brucker asked the federal court to interfere with the jurisdiction of the Justice of the Peace Court No. 4, Kerr County.

**A state-court proceeding affords an adequate opportunity to raise constitutional challenges**. The only issue in a forcible detainer action in justice of the peace court is the right to actual possession of the disputed property;[14] however, a "displaced party is entitled to bring a separate suit in the district court to determine the question of title."[15] "Forcible detainer actions in justice [of the peace] courts may be brought and prosecuted concurrently with suits to try title

---

[12]Tex. Prop. Code Ann. § 24.004 (West 2000).

[13]*See* Tex. Const. art. 5, § 19 ("Justice of the peace courts shall have . . . exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less, and such other jurisdiction as may be provided by law.").

[14]Tex. R. Civ. P. 746. To the extent a defendant-occupant seeks to challenge an adverse judgment about the right to possession, the defendant-occupant may appeal the adverse judgment to the state county court. Tex. R. Civ. P. 749. The case is tried de novo.

[15]*Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

in district court."[16]  "[N]ot only can the right to immediate possession [in justice of the peace court] be determined separately from the right to title [in district court] in most cases, but the Texas Legislature purposely established just such a system."[17]  In a case involving a foreclosure sale under a deed of trust, the Supreme Court of Texas explained the following:

> If [displaced persons] desire to attack the sale made under the deed of trust as being invalid, they may bring such suit in the district court for that purpose; but, in a suit for forcible detainer, such action is not permissible.  The Legislature has expressly provided by forcible entry and detainer proceedings a summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises, without resorting to an action upon the title. This action allowed by law is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state.[18]

This explanation shows state court affords an adequate remedy for any constitutional challenge Brucker may have, because: (1) Federal Home Loan Mortgage Corporation maintains it obtained title to Brucker's ranch by virtue of a substitute trustee's deed of trust and foreclosure on the lien created by the deed of trust, and (2) the explanation indicates a displaced person may bring suit under that circumstance.

**Brucker knows his remedy lies in state-court because he filed a petition in the 216th Judicial District, Kerr County, Texas**.[19]  Brucker's state-court petition named many of the

---

[16]*Id*.

[17]*Id*. at 710.

[18]*Scott v. Hewitt*, 127 Tex. 31, 35 (Tex. 1936).

[19]Brucker filed the state-court petition on February 4, 2011; he filed this case on January 26, 2011.

defendants in this case — 55 of 84 defendants named in this case.[20]  The petition in the state-court case is very similar to the complaint filed in this case.  Like the complaint in this case, the petition complained about fictitious property taxes and fraudulent and forged mortgage assignments.  Like this case, the case filed in the 216th Judicial District refers to the forcible detainer action pending in the justice of the peace court.  Each pleading relies on various maxims of law from sources such as *Bouvier's Law Dictionary and Concise Encyclopedia*.  In his response to the show-cause order, Brucker characterized the case as one filed in a superior court against an inferior court.[21]  To date, the 216th Judicial District Court has taken no action in Brucker's case.  Thus, there is a second pending state-court proceeding implicated by this case.  To the extent Brucker has a constitutional challenge, Brucker may raise that challenge in the 216th Judicial District Court.

**I recommend dismissing this case for failing to state a claim upon which relief may be granted and for being barred by the *Younger* abstention doctrine**.  Brucker complained about the state courts' lack of integrity and asserted that he expected more from the federal courts.  A federal court, however, cannot interfere with a state-court proceeding.  Even if a final judgment were entered in the justice of the peace court, the federal court would be barred from adjudicating Brucker's complaint about the forcible detainer action under the *Rooker-Feldman* doctrine because Brucker seeks to set aside the result in that court.[22]

---

[20]Comparing the complaint in this case with the petition in the state-court case, it appears Brucker omitted the names of defendants identified with law enforcement in the state-court case.

[21]Docket entry # 18, p. 8.

[22]*See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine bars "cases brought by state-court losers

If the district court accepts this recommendation, the court can deny all pending motions as moot.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[23] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[24] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to

---

complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments").

[23] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[24] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

proposed factual findings and legal conclusions accepted by the district court.[25]

**SIGNED** on March 4, 2011.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[25]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).